# Exhibit G

Public Statement

# Statement on Potentially Unlawful Online Platforms for Trading Digital Assets

## Divisions of Enforcement and Trading and Markets

**March 7, 2018**

Online trading platforms have become a popular way investors can buy and sell digital assets, including coins and tokens offered and sold in so-called Initial Coin Offerings ("ICOs").  The platforms often claim to give investors the ability to quickly buy and sell digital assets.  Many of these platforms bring buyers and sellers together in one place and offer investors access to automated systems that display priced orders, execute trades, and provide transaction data.

A number of these platforms provide a mechanism for trading assets that meet the definition of a "security" under the federal securities laws.  If a platform offers trading of digital assets that are securities and operates as an "exchange," as defined by the federal securities laws, then the platform must register with the SEC as a national securities exchange or be exempt from registration.  The federal regulatory framework governing registered national securities exchanges and exempt markets is designed to protect investors and prevent against fraudulent and manipulative trading practices.

## Considerations for Investors Using Online Trading Platforms

To get the protections offered by the federal securities laws and SEC oversight when trading digital assets that are securities, investors should use a platform or entity registered with the SEC, such as a national securities exchange, alternative trading system ("ATS"), or broker-dealer.

The SEC staff has concerns that many online trading platforms appear to investors as SEC-registered and regulated marketplaces when they are not.  Many platforms refer to themselves as "exchanges," which can give the misimpression to investors that they are regulated or meet the regulatory standards of a national securities exchange.  Although some of these platforms claim to use strict standards to pick only high-quality digital assets to trade, the SEC does not review these standards or the digital assets that the platforms select, and the so-called standards should not be equated to the listing standards of national securities exchanges.  Likewise, the SEC does not review the trading protocols used by these platforms, which determine how orders interact and execute, and access to a platform's trading services may not be the same for all users.  Again, investors should not assume the trading protocols meet the standards of an SEC-registered national securities exchange.  Lastly, many of these platforms give the impression that they perform exchange-like functions by offering order books

with updated bid and ask pricing and data about executions on the system, but there is no reason to believe that such information has the same integrity as that provided by national securities exchanges.

In light of the foregoing, here are some questions investors should ask before they decide to trade digital assets on an online trading platform:

- Do you trade securities on this platform?  If so, is the platform registered as a national securities exchange (see our link to the list below)?
- Does the platform operate as an ATS?  If so, is the ATS registered as a broker-dealer and has it filed a Form ATS with the SEC (see our link to the list below)?
- Is there information in FINRA's BrokerCheck ® about any individuals or firms operating the platform?
- How does the platform select digital assets for trading?
- Who can trade on the platform?
- What are the trading protocols?
- How are prices set on the platform?
- Are platform users treated equally?
- What are the platform's fees?
- How does the platform safeguard users' trading and personally identifying information?
- What are the platform's protections against cybersecurity threats, such as hacking or intrusions?
- What other services does the platform provide?  Is the platform registered with the SEC for these services?
- Does the platform hold users' assets?  If so, how are these assets safeguarded?

## Resources for Investors

Investor.gov Spotlight on Initial Coin Offerings and Digital Assets

Chairman Jay Clayton Statement on Cryptocurrencies and Initial Coin Offerings

Chairman Jay Clayton's Testimony on Virtual Currencies: The Roles of the SEC and CFTC

Report of Investigation Pursuant to Section 21(a) of the Securities and Exchange Act of 1934:  The DAO

Investors can find a list of SEC-registered national securities exchanges here:  List of Active National Securities Exchanges

Investors can find a list of ATSs that have filed a Form ATS with the SEC here:  List of Active Alternative Trading Systems

## Considerations for Market Participants Operating Online Trading Platforms

A platform that trades securities and operates as an "exchange," as defined by the federal securities laws, must register as a national securities exchange or operate under an exemption from registration,

such as the exemption provided for ATSs under SEC Regulation ATS. An SEC-registered national securities exchange must, among other things, have rules designed to prevent fraudulent and manipulative acts and practices. Additionally, as a self-regulatory organization ("SRO"), an SEC-registered national securities exchange must have rules and procedures governing the discipline of its members and persons associated with its members, and enforce compliance by its members and persons associated with its members with the federal securities laws and the rules of the exchange. Further, a national securities exchange must itself comply with the federal securities laws and must file its rules with the Commission.

An entity seeking to operate as an ATS is also subject to regulatory requirements, including registering with the SEC as a broker-dealer and becoming a member of an SRO. Registration as a broker-dealer subjects the ATS to a host of regulatory requirements, such as the requirement to have reasonable policies and procedures to prevent the misuse of material non-public information, books and records requirements, and financial responsibility rules, including, as applicable, requirements concerning the safeguarding and custody of customer funds and securities. The overlay of SRO membership imposes further regulatory requirements and oversight. An ATS must comply with the federal securities laws and its SRO's rules, and file a Form ATS with the SEC.

Some online trading platforms may not meet the definition of an exchange under the federal securities laws, but directly or indirectly offer trading or other services related to digital assets that are securities. For example, some platforms offer digital wallet services (to hold or store digital assets) or transact in digital assets that are securities. These and other services offered by platforms may trigger other registration requirements under the federal securities laws, including broker-dealer, transfer agent, or clearing agency registration, among other things. In addition, a platform that offers digital assets that are securities may be participating in the unregistered offer and sale of securities if those securities are not registered or exempt from registration.

In advancing the SEC's mission to protect investors, the SEC staff will continue to focus on platforms that offer trading of digital assets and their compliance with the federal securities laws.

## Consultation with Securities Counsel and the SEC Staff

We encourage market participants who are employing new technologies to develop trading platforms to consult with legal counsel to aid in their analysis of federal securities law issues and to contact SEC staff, as needed, for assistance in analyzing the application of the federal securities laws.In particular, staff providing assistance on these matters can be reached at FinTech@sec.gov.

### Resources for Market Participants

Regulation of Exchanges and Alternative Trading Systems

### Select Commission Enforcement Actions

SEC v. Jon E. Montroll and Bitfunder

In re BTC Trading, Corp. and Ethan Burnside.

SEC v. REcoin Group Foundation, LLC et al.

SEC v. PlexCorps et al.

In re Munchee, Inc.

SEC v. AriseBank et al.