

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JN/AS  271 Cadman Plaza East
F.#2017R01809  Brooklyn, New York 11201

May 15, 2020

By Hand and ECF

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    United States v. Maksim Zaslaskiy
            Criminal Docket No. 17-647 (S-1) (RJD)

Dear Judge Dearie:

      The government respectfully submits this letter to request additional time to file its restitution submission in the above-captioned matter until July 26, 2020. This is the government's second request. The government's current submission regarding restitution is due May 18, 2020; the defendant consents to this request.

      In his sentencing submission the defendant asserted that approximately $13,000 was still owed in restitution to investors in ReCoin and Diamond. See Defendant's Sentencing Letter, Dkt. No. 48 at 7. The government informed the Court at the time of sentencing that the parties were trying to work out the restitution amount, but additional time was needed to conduct due diligence and ensure that all investors were made whole. The government requested, and the Court permitted, 90 days from sentencing to file a restitution request with the Court. See Dkt. Nos 65, 66. On February 18, 2020, the government filed a request, with the defendant's consent, seeking additional time until May 18, 2020 to arrive at a resolution on restitution, which the Court approved. See Dkt. No 69.

      The government believes a resolution is likely, but given that many of the payments in question were made from the victims' wallets using cryptocurrency, the process is taking longer than expected, especially in light of the current health crisis. As noted above, the defendant consents to the additional time sought to make this determination. See United States v. Catoggio, 326 F.3d 323, 329-30 (2d Cir. 2003) (holding that a defendant may not challenge a failure to order timely restitution within 90 days of sentencing pursuant to 18 U.S.C. § 3664(d)(5) unless the defendant objected to any delay, and stating that the defendant is not

"prejudiced by a delay he consented to with the advice of experienced counsel").[1] See also Dolan v. U.S., 560 U.S. 605, 607 (2010) (holding that even where a Court misses the 90 day deadline under 18 U.S.C. § 3664(d)(5) to impose restitution, it retains the power to order restitution, at least where the court made clear prior to the deadline's expiration that it would order restitution.)

       For these reasons, the government respectfully submits that additional time and information is necessary in order to accurately determine restitution in this case. The government anticipates that it can make a submission to the Court by July 26, 2020.

Respectfully Submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/
Julia Nestor
Andrey Spektor
Assistant U.S. Attorneys
(718) 254-6297/6475

cc:    Clerk of Court (RJD) (by ECF)
      Defense counsel (by ECF and email)

---

[1] The purpose of the 90–day rule "is not to protect defendants from drawn-out sentencing proceedings or to establish finality; rather, it is to protect crime victims from the willful dissipation of defendants' assets." United States v. Zakhary, 357 F.3d 186, 191 (2d Cir. 2004).